IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY GRAY, *et al.*,          *

    Plaintiffs,          *

v.                            *          Civ. No. JKB-24-0897

THE PHILADELPHIA             *
CONTRIBUTIONSHIP,

    Defendant.            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

The Court previously referred this action relating to an insurance dispute to appraisal, pursuant to the Maryland Uniform Arbitration Act ("MUAA"), Md. Code Ann., Cts. & Jud. Proc. § 3-201 *et seq.*, and the terms of the parties' insurance policy (the "Policy"). (ECF No. 18.) Under the terms of that Policy, each party is required to select an appraiser, and then the two appraisers choose an umpire. (*See* ECF No. 9-1 at 50.) If the appraisers fail to agree on an umpire within 15 days, the parties may petition a court to choose the umpire. (*Id.*)

Defendant The Philadelphia Contributionship ("TPC") has informed the Court that the parties' appraisers have been unable to timely agree on an umpire, and consequently TPC has filed a Petition to Appoint Umpire. (ECF 22.) Plaintiffs have not responded, and the deadline for them to do so has elapsed. *See* Local Rule 104.2(a) (D. Md. 2023).

As the Court has previously explained, appraisals in the insurance context are analogous to arbitrations. (*See* ECF No. 17 at 4.) Section 5 of the Federal Arbitration Act ("FAA") provides that if an arbitration agreement provides for the selection of an umpire, and if the parties fail to agree on the umpire, the Court may select an umpire upon the application of any party. 9 U.S.C.

§ 5. A petition for selection of an umpire, like other requests to enforce arbitration agreements, is properly brought as a motion under Section 6 of the FAA, 9 U.S.C. § 6. *See Arctic Glacier U.S.A., Inc. v. Principal Life Ins. Co.*, Civ. No. PX 16-3555, 2017 WL 2629043, at *7 (D. Md. June 19, 2017). Because the Policy provides for appointment of an umpire in the event that the parties are unable to agree on one, and because the Court has already determined that the appraisal clause is valid and enforceable, the Court will enforce the umpire selection clause. *See Liberty Mut. Grp., Inc. v. Wright*, Civ. No DKC-12-0282, 2012 WL 1446487, at *6 (D. Md. Apr. 25, 2012); *Safeco Ins. Co. of Am. v. Vickers*, Civ. No. 8:18-02943-BHH-JDA, 2019 WL 2514736, at *3 (D.S.C. Apr. 24, 2019), *report and recommendation adopted*, 2019 WL 2772204 (D.S.C. July 2, 2019).

That said, the Court does not currently have any basis on which to decide *which* umpire to select. TPC has provided a list of proposed umpires, but that list and TPC's briefing are silent as to any of the individuals' qualifications. (*See* ECF No. 22-1.) Thus, on the record currently before the Court, any choice of arbitrator would be purely arbitrary.

To facilitate the prompt resolution of this matter, the Court will refer this case to a United States Magistrate Judge to hold a mediation conference with the parties for the limited purpose of selecting an appropriate umpire. If the parties are unable to come to an agreement after the conclusion of that conference, the Magistrate Judge shall select an appropriate umpire. The Court will extend the deadline for the completion of the appraisal to accommodate this further proceeding.

Accordingly, it is ORDERED that:

1. The Petition to Appoint Umpire (ECF No. 22) is GRANTED IN PART.
2. This case is REFERRED, pursuant to 28 U.S.C. § 636(b)(1)(A), to a United States Magistrate Judge to hold a mediation conference with the parties as soon as is practicable

for the limited purpose of selecting an appropriate umpire. If the parties are unable to come to an agreement by the conclusion of that conference, the Magistrate Judge shall have the authority to issue an order, pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), designating an appropriate umpire.

3. The deadline for the parties to complete the appraisal process is EXTENDED to March 31, 2025.

4. The parties SHALL SUBMIT a written Joint Status Report to the Court by the sooner of either: (1) March 31, 2025; or (2) 14 days after the conclusion of the appraisal process.

DATED this __11__ day of December, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge