IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GARY GRAY**, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No: 1:24-cv-0897-JKB |
| **THE PHILADELPHIA CONTRIBUTIONSHIP**, | * | |
| | * | |
| *Defendant.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER
GRANTING AS MODIFIED DEFENDANT'S MOTION TO COMPEL**

This matter concerns a dispute between Plaintiffs, Gary and LaShonda Gray, and their home insurer, Defendant, The Philadelphia Contributionship, regarding reimbursement for storm damage. (ECF No. 1). Plaintiffs moved to compel an appraisal and stay the litigation, a motion that was granted by U.S. District Judge James K. Bredar of this Court on September 12, 2024. (ECF No. 17). At that point, Plaintiffs were proceeding *pro se*, their counsel having withdrawn on or about September 9, 2024. (ECF No. 15). In his order granting the motion for appraisal and stay, Judge Bredar ordered the parties to submit a joint status report on the status of the appraisal process in sixty days. (ECF No. 18).

On November 12, 2024, Defendant filed the status report, having been unable to get Plaintiffs' input. (ECF No. 19). Defendant advised that although Plaintiffs had retained an appraiser, Anthony Jones, Mr. Jones had been unresponsive to Defendant's appraiser's attempts to jointly select an "umpire" to move the appraisal process forward. *Id*. On November 15, Judge Bredar, by Memorandum Opinion and Order, noted Plaintiffs' noncompliance with his previous

order and ongoing failure to participate in the lawsuit. (ECF No. 20). Judge Bredar ordered Plaintiffs to instruct their appraiser to respond regarding selecting an "umpire" and otherwise participate in the appraisal process, with a status report to follow in ten days. *Id*. He further ordered that the appraisal must be completed by January 10, 2025. *Id.* Notably, Judge Bredar warned that a failure to comply by Plaintiffs risked dismissal. *Id.*

By way of their November 25, 2025 status report, the parties advised that their appraisers had exchanged lists of potential umpires, but agreement could not be reached. (ECF No. 21). As a result, Defendant filed a Motion to Appoint Umpire, asking the Court to appoint an umpire as set forth in the insurance policy. (ECF No. 22). On December 11, 2024, Judge Bredar granted Defendant's motion in part, referring this matter to the undersigned to conduct a mediation to reach agreement on an umpire or, in the absence of agreement, for the undersigned to select an umpire. (ECF No. 24). Judge Bredar also extended the deadline for an appraisal to March 31, 2024. *Id*. By order dated December 12, 2024, the undersigned scheduled the mediation for January 14, 2025. (ECF No. 29). In advance of the mediation, the undersigned also ordered the parties to submit to Chambers (ex parte) by December 31, 2024 the credentials for their respective umpire candidates, as well as any arguments for or against a particular candidate. (ECF Nos. 29 and 30). Although Defendant forwarded its submission by the deadline, Plaintiffs did not.

Instead, on January 3, 2025, Plaintiffs advised the undersigned that they were in the process of meeting with new potential counsel. As a result, on January 10, 2025 by paperless order, the mediation was cancelled and Plaintiffs were instructed to notify the Court when new counsel was obtained. (ECF No. 31). On January 21, 2025, Defendant filed a Motion to Compel, seeking an order for Plaintiffs to retain counsel by a date certain or alternatively, reset the mediation. (ECF

No. 32). Plaintiffs have not filed an opposition and have been otherwise silent since January 10, 2025.

The Court will grant Defendant's motion in part. First, it is unopposed and the time for filing an opposition has passed. Second, Plaintiffs have been without counsel since September and have done little to move this matter forward. Accordingly, by February 21, 2025, Plaintiffs are HEREBY ORDERED to file *on the docket* a submission that is compliant with the Court's previous mediation order (ECF No. 30) regarding potential choices for an umpire. Should Plaintiffs comply by the deadline, the Court will reschedule the mediation to engage in the process outlined by Judge Bredar to select an umpire. Should they fail to do so, the undersigned will make a recommendation for an umpire to Judge Bredar based on Defendant's previous submission. Because that submission was *ex parte*, Defendant is instructed to make any necessary modifications to redact any information Defendant intended to share on only an *ex parte* basis and then refile it on the public docket so that the record is complete. Nothing in this order prevents Plaintiffs from retaining counsel, however their failure to do so after having ample time will not excuse their compliance with the above deadline.

Dated: February 11, 2025                                  /s/
                                                             J. Mark Coulson
                                                             United States Magistrate Judge