IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GARY GRAY,** *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No: 1:24-cv-0897-JKB |
| **THE PHILADELPHIA CONTRIBUTIONSHIP,** | * | |
| | * | |
| *Defendant.* | | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## REPORT AND RECOMMENDATION
## FOR APPOINTMENT OF UMPIRE

This matter concerns a dispute between Plaintiffs, Gary and LaShonda Gray, and their home insurer, Defendant, The Philadelphia Contributionship, regarding reimbursement for storm damage. (ECF No. 1). Plaintiffs moved to compel an appraisal and stay the litigation, a motion that was granted by U.S. District Judge James K. Bredar of this Court on September 12, 2024. (ECF No. 17). In its November 12, 2024, status report regarding the progress of the appraisal process, Defendant indicated it had been unable to get Plaintiffs' input, and that Plaintiffs had been uncooperative in the process of selecting an "umpire" for the appraisal process as required by the Policy, stalling the appraisal process. (ECF No. 19). On December 11, 2024, Judge Bredar granted Defendant's Motion to Appoint Umpire in part, referring this matter to the undersigned to conduct a mediation to reach agreement on an umpire or, in the absence of agreement, for the undersigned to select an umpire. (ECF No. 24).

Since that time, Plaintiffs have not actively participated in the litigation. A mediation was scheduled for January 14, 2025, but, at Plaintiffs' request, it was cancelled to allow time for them to retain new counsel. (ECF No. 31). When no new counsel entered an appearance, Defendant

filed a Motion to Compel, asking the Court to select a date certain by which Plaintiffs would retain counsel or, alternatively, to schedule the case for mediation with Plaintiffs proceeding *pro se*. (ECF No. 32).  No opposition was filed by Plaintiffs, nor has any counsel entered an appearance on Plaintiffs' behalf.  Accordingly, on February 11, 2025, the Court granted Defendant's motion, ordering that Plaintiffs submit their candidates for an umpire by February 21, 2025 (at which point the Court would reschedule the mediation), and indicating that Plaintiffs' failure to do so would result in the Court making a recommendation for an umpire based on Defendant's proposal alone. (ECF No. 35).  Plaintiffs did not submit a proposal by the deadline.

Accordingly, having considered Defendant's three alternatives for an umpire, along with their respective credentials, the undersigned recommends that Michael D. Shilling be appointed as umpire in the case.  Mr. Shilling has 45 years of construction and insurance experience and has evaluated and supervised the construction and repair of more than 10,000 properties.  (ECF No. 36 at 2; ECF 36-3).  He also has served on the Maryland Home Improvement Commission since 2012.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 301.5(a) (D. Md. 2023).

Dated: February 26, 2025

_____/s/_____

J. Mark Coulson
United States Magistrate Judge

2