## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**GARY GRAY**, *et al.*,                                    \*

    **Plaintiffs,**                              \*

    **v.**                                       \*                    **Civ. No. JKB-24-0897**

**THE PHILADELPHIA**                                        \*
**CONTRIBUTIONSHIP,**

    **Defendant.**                               \*

   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM AND ORDER

On March 24, 2025, the Court issued a Memorandum and Order observing that Plaintiffs have "fail[ed] to meaningfully prosecute this action" for the last several months and directing Plaintiffs to show cause by April 11, 2025, why this action should not be dismissed with prejudice for failure to prosecute. (ECF No. 38.)  That date has passed, and Plaintiffs have not responded. Meanwhile, Defendant has informed the Court that the Court-ordered appraisal in this matter has concluded, and that the umpire concluded that Plaintiffs are not entitled to any monetary award. (ECF No. 39.)

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  Even in the absence of a motion, district courts have inherent authority to dismiss actions for failure to prosecute *sua sponte*. *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). In deciding whether to exercise its discretion to dismiss a case for failure to prosecute, the Court considers: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused

the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (quoting *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)). These criteria do not establish a "rigid four-prong test"; instead, "the propriety of an involuntary dismissal ultimately depends on 'the facts of each case.'" *Id.* (first quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989), and then quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

Upon consideration of these factors, the Court concludes that dismissal with prejudice is warranted. First, Plaintiffs' degree of personal responsibility for failing to participate is high, and their behavior fits into a pattern of proceeding in a dilatory fashion. As an initial matter, Plaintiffs waited nearly three years after the date of their alleged loss to invoke their right to seek appraisal in this Court—a delay that the Court previously noted was partially justified but nevertheless "a bit . . . problematic." (ECF No. 17 at 8.) Further, Plaintiffs have been on notice since November 2024 that the Court doubted whether they were prosecuting the action and that their claims may be dismissed with prejudice on this basis. (ECF No. 20 (explaining that "it preliminarily appears to the Court that Plaintiffs are no longer meaningfully participating in this action").) They then failed to participate in proceedings before Judge Coulson regarding an appraisal process that Plaintiffs themselves asked the Court to order. (*See* ECF No. 37.) And, although the Court again expressly warned Plaintiffs that it was considering dismissing this action (ECF No. 38), Plaintiffs did not respond. *See Attkisson*, 925 F.3d at 625 (noting that the district court may order an involuntary dismissal "where the plaintiff 'failed to respond to a specific directive from the trial court'" (alteration accepted) (quoting *Ballard*, 882 F.2d at 95)).

The Court recognizes that Plaintiffs are proceeding *pro se* and, accordingly, the Court has granted them significant leeway; however, even *pro se* parties are not exempt from the basic

2

requirement that they prosecute their action. *See Proctor v. Charlestown Cmty., Inc.*, Civ. No. GLR-22-1365, 2023 WL 8478903, at \*4 (D. Md. Dec. 7, 2023) (dismissing an action when the Court "warned [the plaintiff] repeatedly of her obligations to prosecute this case, and that her pro se status did not exempt her from following the Federal Rules, Local Rules, and Court Orders"). As for prejudice, the Court notes that while Defendant has not suffered any severe or unusual costs in this case, Defendant has had to engage in months of litigation and undergo an appraisal process, all while Plaintiffs chose not to participate.

Finally, nothing less than dismissal with prejudice is sufficient, because Plaintiffs have ignored months of warnings from the Court about this exact sanction. Moreover, if the dismissal were without prejudice, then Plaintiffs could essentially avoid the unfavorable findings of the appraisal that has already occurred by filing a second action seeking a new appraisal.

For the foregoing reasons, it is ORDERED that:

1. This action is DISMISSED WITH PREJUDICE for failure to prosecute;

2. The Clerk SHALL CLOSE this case; and

3. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Plaintiffs.

DATED this 22 day of April, 2025.

BY THE COURT:

James K. Bredar
United States District Judge